**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States,<br><br>        Plaintiff,<br><br>v.<br><br>Eddie Patterson,<br><br>        Defendant. | No. CR-15-01577-PHX-DGC<br><br>**ORDER** |

Defendant Eddie Patterson has filed a motion for judgment of acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure. Doc. 101. The government has filed a response. Doc. 105. No reply has been filed. The Court will deny the motion.

Count 4 of the Superseding Indictment contains this allegation:

> On or about January 31, 2014, in the District of Arizona, within the confines of the San Carlos Apache Indian Reservation, Indian Country, defendant, EDDIE PATTERSON, an Indian, did knowingly engage in a sexual act with John Doe who had attained the age of 12 years but had not attained the age of 16 years and who was at least 4 years younger than EDDIE PATTERSON. The sexual act included the contact between the mouth of EDDIE PATTERSON and the penis of John Doe.

Doc. 52 at 2. The jury found Defendant guilty on this count, and Defendant now argues that the evidence was insufficient to sustain the verdict.

Rule 29 authorizes a court to set aside a guilty verdict and enter an acquittal if the evidence introduced at trial was insufficient to sustain a conviction. Fed. R. Crim. P. 29(c). The Court must review the evidence in the light most favorable to the government,

*United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006), and deny a motion for acquittal if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010).

The victim in this case testified during trial that Defendant placed his mouth on the victim's penis. *See* Doc. 105 at 2-4 (quoting trial testimony). The testimony was clear and explicit. *Id.* Defendant contends that the victim was not credible because he gave differing accounts of the relevant events, but those differing accounts were brought out at trial and "it is not the district court's function to determine witness credibility when ruling on a Rule 29 motion." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). Rather, "a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" *United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977) (citation omitted). Viewing the evidence in the light most favorable to the government, the Court cannot say that the victim so lacked credibility that no rational jury could have found Defendant guilty beyond a reasonable doubt.

Defendant argues that the victim's testimony was uncorroborated. But "[i]t is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." *United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (quoting *United States v. Dodge*, 538 F.2d 770, 783 (8th Cir. 1976)). The Court finds the victim's testimony sufficient in this case.

**IT IS ORDERED** that Defendant's Rule 29 motion (Doc. 101) is **denied**.

Dated this 1st day of March, 2017.

_____
David G. Campbell
United States District Judge